UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DAVID SMITH, DAWN RUGGIERO, and JODI PAGEL,    Civil Action No.
Individually, and on behalf of all others similarly situated,

                            Plaintiffs,

   -against-

COUNTY OF SUFFOLK,

                            Defendant.
-----------------------------------------------------------------------X

## CLASS AND COLLECTIVE ACTION COMPLAINT

The Plaintiffs, David Smith, Dawn Ruggiero, and Jodi Pagel, individually and on behalf of all others similarly situated, by and through their undersigned counsel, as and for their Complaint against the Defendant, County of Suffolk ("Defendant") respectfully allege as follows:

### JURISDICTION AND VENUE

1. Plaintiffs bring this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Articles") to recover unpaid overtime compensation and for other relief. This action is brought as a collective action pursuant to 29 U.S.C. §216(b) and as a state-law class action under Fed. R. Civ. P. 23(b)(3).

2. Additionally, plaintiffs bring this action seeking a declaratory judgment that defendant's policy and practice of suffering and permitting Public Safety Dispatchers ("PSDs") and Emergency Complaint Operators ("ECOs") working for the Suffolk County Police Department to work six (6) days a year without being paid any compensation at all violates the FLSA and New York Labor Law ("NYLL").

3. Further, plaintiffs bring this action seeking a permanent injunction enjoining defendant from continuing the illegal practice of suffering and permitting PSDs and ECOs working for the Suffolk County Police Department to work six (6) days a year without being paid any compensation at all.

4. Jurisdiction over plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. §1331.

5. The Court has supplemental jurisdiction over the plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

6. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

7. Plaintiff David Smith ("Smith") is a resident of Suffolk County, New York.

8. Smith has been employed by defendant as a PSD working for the Suffolk County Police Department for at least the last six (6) years.

9. Plaintiff Dawn Ruggiero ("Ruggiero") is a resident of Suffolk County, New York.

10. Ruggiero has been employed by defendant as a PSD working for the Suffolk County Police Department for at least the last six (6) years.

11. Plaintiff Jodi Pagel ("Pagel") is a resident of Suffolk County, New York.

12. Pagel has been employed by defendant as a PSD working for the Suffolk County Police Department for at least the last six (6) years.

13. Defendant County of Suffolk is a municipal corporation organized under the laws of the State of New York.

14.     Suffolk County has a number of departments or instrumentalities that fall under its municipal authority including the Suffolk County Police Department.

## FACTS

15.     Defendant employs both PSDs and ECOs that work at Suffolk County Police Headquarters located at 30 Yaphank Avenue, Yaphank, New York.

16.     Upon information and belief, there are approximately one hundred (100) PSDs and ECOs currently employed by defendant and working at Suffolk County Police Headquarters.

17.     ECOs answer 911 emergency calls and then send those calls to the PSDs.

18.     PSDs then dispatch the 911 emergency calls to police officers on duty.

19.     ECOs and PSDs are paid by the hour.

20.     ECOs and PSDs work three different shifts – 8:00 a.m. to 4:00 p.m., 4:00 p.m. to 12:00 a.m., and 12:00 a.m. to 8:00 a.m.

21.     ECOs and PSDs are given a one hour meal break each shift.

22.     ECOs and PSDs do not rotate shifts, but instead always work the same shift that they are assigned to.

23.     ECOs and PSDs work five (5) shifts in a row, have off for two (2) days, and then work five (5) shifts in a row and have off for three (3) days.

23.     ECOs and PSDs are paid overtime compensation or one and a half times their regular rates of pay when they work more than 40 hours in a week.

24.     However, at the beginning of each year defendant provides the ECOs and PSDs with their work schedules.

25.     These work schedules provide the ECOs and PSDs with six (6) extra days each year that the ECOs and PSDs are assigned to work their shifts without being paid their regular wages or overtime compensation.

26.     The three named plaintiffs have all worked the 12:00 a.m. to 8:00 a.m. shift at Suffolk County Police Headquarters for at least the last six (6) years.

27.     For at least the last six (6) years, the three named plaintiffs have been subject to defendant's policy and practice where they were suffered and permitted to work an extra six (6) shifts per year without being paid any compensation at all.

28.     For at least the last six (6) years, the ECOs and PSDs employed at the Suffolk County Police Headquarters were all subjected to defendant's policy and practice where they were suffered and permitted to work an extra six shifts per year without being paid any compensation at all.

29.     Upon information and belief, the ECOs and PSDs that work at the Suffolk County Sheriff's Office and the Suffolk County Fire Rescue Service are not subject to this same policy and practice.

30.     During the last six (6) years, when the three named plaintiffs worked these six (6) extra shifts per year, they worked at least 42 hours each of those weeks without being paid their regular rates of pay or time and a half their regular rates of pay.

31.     During the last six (6) years, when the ECOs and PSDs worked these six (6) extra shifts per year, they worked at least 42 hours each of those weeks without being paid their regular rates of pay or time and a half their regular rates of pay.

32. Defendant managed the three named plaintiffs and other similarly situated employees' employment, including the amount of overtime worked. Defendant dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

33. Defendant's failures to pay proper wages in a timely manner were made without good faith, willfully, and with a reckless disregard for plaintiffs' rights; and plaintiffs have been damaged by such failures.

## GENERAL ALLEGATIONS

34. Plaintiffs, individually, and on behalf of all similarly situated current and former employees of the Defendant, including its subsidiaries and affiliated companies, bring this action as a collective action under the FLSA to recover, *inter alia*, unpaid overtime compensation, regular wages, and statutory penalties owed to plaintiffs and all other similarly situated employees.

35. Defendants' failure to pay plaintiffs and all other similarly situated employees regular wages and overtime compensation when these employees worked these six (6) extra shifts per year has violated the FLSA and the NYLL.

36. As a result of these unlawful practices, plaintiffs and the similarly situated employees have suffered a loss of wages.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiffs seek to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and the following class of persons:

> All PSDs and ECOs who worked at Suffolk County Police Headquarters at any time from six (6) years prior to the filing of this action to the entry of judgment in this action who give their consent, in writing, to become party plaintiffs (hereinafter the "FLSA Class").

38. Plaintiffs and other members of the FLSA Class are similarly situated inasmuch as, *inter alia*, they were required to work in excess of 40 hours a week without being paid overtime compensation.

39. Defendants have known that the Plaintiffs and similarly situated employees have performed work that has required overtime compensation. Nonetheless, Defendants have operated under a scheme to deprive the Plaintiffs and the other members of the FLSA Class of overtime compensation by failing to properly compensate them for all time worked.

40. Defendants' conduct, as alleged herein, has been willful and has caused significant damage to the Plaintiff and the similarly situated employees.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. §201 ET SEQ.
## FAILURE TO COMPENSATE FOR OVERTIME

41. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

42. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

43. Defendant was and is subject to the overtime pay requirements of the FLSA because defendant is an enterprise engaged in commerce or in the production of goods for commerce.

44. Upon information and belief, the gross annual volume of sales made or business done by defendant for the years 2015, 2014, and 2013 was not less than $500,000.00.

45. At all times relevant to this action, Plaintiffs and the similarly situated employees have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

46. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

47. By the above-alleged conduct, defendant has violated the FLSA by failing to pay the FLSA collective action plaintiffs overtime compensation as required by the FLSA.

48. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA. However, none of the Section 13 exemptions apply to the plaintiffs or the similarly situated employees because they have not met the requirements for coverage under the exemptions.

49. Plaintiffs and the similarly situated employees are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all members of the FLSA collective action and has deprived them of overtime compensation.

50. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA. Defendants have not acted in good faith with respect to the conduct alleged herein.

51. As a result of Defendants' violations of the FLSA, Plaintiffs and all others similarly situated have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## STATE-WIDE CLASS ALLEGATIONS

52. Plaintiffs also seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of themselves individually and all other similarly situated employees who, during the relevant statute of limitations period, have worked as PSDs and ECOs with respect to the claims pleaded in Counts II, III, IV, V, and VI of the complaint.

53. Fed. R. Civ. P. 23(b)(3) provides that a cause of action may be maintained as a class action if the following elements are met:

(a) The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

(b) There are questions of law or fact common to the class which predominate over and questions affecting only individual members;

(c) The claims or defenses of the representative parties are typical of the claims or defenses of the class;

(d) The representative parties will fairly and adequately protect the interests of the class; and

(e) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Class Definitions

54. Plaintiffs seek certification of a class consisting of the following individuals:

All PSDs and ECOs who worked at Suffolk County Police Headquarters at any time from six years prior to the filing of this Action to the entry of judgment in this Action (hereinafter the "New York Class").

### Numerosity

55.     Plaintiffs satisfy the numerosity requirements as the proposed class is so numerous that joinder of all members is impracticable.

56.     The proposed class can be identified and located using the Defendant's payroll and personnel records.  Class members may be informed of the pendency of this action by direct mail and/or published and broadcast notice.

### Common Questions of Fact or Law

57.     There are questions of fact and law common to each class member which predominate over any questions affecting only individual members.

58.     These questions predominate over any questions affecting only individual persons.  With respect to considerations of consistency, economy, efficiency, fairness, and equity, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Typicality

59.     Plaintiffs' claims are typical of the claims of the class members.  As a result of Defendants' unlawful conduct, Plaintiffs suffered similar injuries as those suffered by other members of the respective class they seek to represent.

### Adequacy

60.     Plaintiffs are adequate representatives of the class they seek to represent because they are members of such class, and their interests do not conflict with the interests of the members of the class they seek to represent.  The interests of the class members will be fairly and adequately protected by Plaintiffs and their undersigned counsel.  Plaintiffs have hired

competent attorneys who are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

### Superiority

61. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

62. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims.

63. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

### COUNT II
### VIOLATION OF THE NEW YORK LABOR ARTICLE 6 AND 19
### FAILURE TO PAY OVERTIME UNDER NEW YORK LABOR LAW

64. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

65. At all times relevant to this Action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

66. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

67. By the above-alleged conduct, Defendant has failed to pay members of the New York Class overtime compensation as required by the New York Labor Articles.

68. Plaintiffs and the other members of the New York Class are not exempt from the overtime provisions of the New York Labor Articles, because they have not met the requirements for any of the reduced number of exemptions available under New York law.

69. Plaintiffs and the other members of the New York Class are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the New York Labor Articles, has been applied to all members of the New York Class and has deprived them of proper overtime compensation.

70. Defendant has acted willfully and has either known that its conduct violated the New York Labor Articles or has shown a reckless disregard for the matter of whether its conduct violated the New York Labor Articles. Defendant has not acted in good faith with respect to the conduct alleged herein.

71. As a result of Defendant's violations of the NYLL, Plaintiffs and all others members of the New York class have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
### NYLL Minimum Wage Claim

72. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

73. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

74. Defendant willfully failed to pay Plaintiffs and members of the class at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652.

75. As a result of Defendant's unlawful practices, the Plaintiffs and the members of the class have suffered a loss of wages.

76. As a result of defendant's violation of the NYLL and the regulations promulgated therein, Plaintiffs and the members of the class have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT IV
## NYLL 191 and 198

77. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

78. That defendant suffered and permitted plaintiffs and members of the class to work six (6) shifts per year without compensating them with their regular rates of pay.

79. The defendant's failures to pay plaintiffs and the class their regular rates of pay when they worked six (6) extra shifts per year constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to plaintiffs' rights.

80. As a result of defendant's violation of the NYLL and the regulations promulgated therein, plaintiffs and the class have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT V
## Declaratory Judgment

81. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

82. That defendant has a policy and practice of suffering and permitting PSDs and ECOs working for the Suffolk County Police Department to work six (6) days a year without being paid any compensation.

83. That such policy and practice violates the FLSA and NYLL.

84. That plaintiffs and other PSDs and ECOs working for the Suffolk County Police Department have complained and have unsuccessfully sought a change in defendant's policy and practice.

85. That plaintiffs and other PSDs and ECOs have notified defendant that their rights to be compensated for these six (6) days a year have been violated.

86. That defendant has taken no action at all to change this illegal policy and practice and continue to have plaintiffs and other PSDs and ECOs work six (6) days a year without being paid any compensation.

87. That the PSDs and ECOs that work at the Suffolk County Sheriff's Office and the Suffolk County Fire Rescue Service are not subject to this same policy and practice.

88. By reason of the foregoing, an actual and justiciable controversy exists between the PSDs and ECOs working at the Suffolk County Police Headquarters and defendant.

89. Plaintiffs and the class, therefore, seek a declaratory judgment that defendant's policy and practice complained of herein is illegal and violated the FLSA and NYLL.

## COUNT VI
## Permanent Injunction

90. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

91. Plaintiffs and the class are likely to succeed on the merits of their claims.

92. Plaintiffs and the class will suffer irreparable harm if the Court does not issue an injunction.

93. Plaintiffs and the class have no adequate remedy at law.

94. Plaintiff and the class are entitled to a permanent injunction enjoining the defendant from continuing to have an illegal policy and practice of suffering and permitting PSDs and ECOs to work an extra six (6) shifts a year without paying them any compensation at all.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendant and in favor of Plaintiffs and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiffs and all others similarly situated for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Order the Defendant to file with this Court and furnish to counsel a list of all names and addresses of all PSDs and ECOs who currently work for or who have worked for Defendant within the last six years;

B. Authorize Plaintiffs' counsel to issue a notice at the earliest possible time to all current and former PSDs and ECOs employed by the Defendant at Suffolk County Police Headquarters during the six years immediately

preceding this Action, informing them that this Action has been filed, of the nature of the Action, and of their right to opt into this lawsuit if they worked in excess of 40 hours in a week during the liability period, for which they were not paid the FLSA-required overtime;

C. Authorize Plaintiffs to certify their claims under the state law of New York;

D. Declare and find that the Defendant committed one or more of the following acts:

    1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiffs and similarly situated persons who opt into this Action;

    2. Willfully violated the overtime provisions of the FLSA;

    3. Violated the provisions of the NYLL by failing to pay overtime wages, minimum wages, and regular wages to Plaintiffs and all class members;

    4. Willfully violated the applicable provisions of the NYLL.

E. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

F. Award interest on all NYLL claims and other compensation due accruing from the date such amounts were due;

G. Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and NYLL.

H. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

I. Issue a declaratory judgment that the policy and practice complained of herein is illegal under the FLSA and NYLL;

J. Issue a permanent injunction enjoining defendant from continuing with the policy and practice complained of herein; and

K. Provide such further relief as the Court deems just and equitable.

Dated: Westbury, New York
June 8, 2016

Neil H. Greenberg & Associates, P.C.
Attorneys for the Plaintiff
By: Neil H. Greenberg, Esq.
900 Merchants Concourse, Suite 314
Westbury, New York 11590
(516) 228-5100

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in **Pagel v. County of Suffolk** in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Westbury, New York
March 7, 2016

_____
Jodi L. Pagel

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in **Ruggiero v. County of Suffolk** in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Westbury, New York
March 7, 2016

_____
**Dawn M. Ruggiero**

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in **Smith v. County of Suffolk** in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Westbury, New York
March 7, 2016

_____
David R. Smith